UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT G. GROSS,

    Plaintiff,

v.                      Case No. 4:18-cv-480-RH/MJF

CORIZON MEDICAL, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned by the clerk of the court. For the reasons set forth below, the undersigned recommends that the present action be dismissed without prejudice for failure to comply with three court orders.[1]

**I.    Background**

On September 17, 2018, Plaintiff commenced this action pursuant to 42 U.S.C § 1983 and alleged violations of his Eighth Amendment rights, the American's with Disability Act, and the Rehabilitation Act. (Doc. 1). Plaintiff named six Defendants: (1) Corizon Medical; (2) Centurion Medical; (3) A. Verona; (4) J. Pinero; (5) L. Dawson; and (6) Crawford. (Doc. 1 at 1–2). Plaintiff simultaneously filed a motion

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

for leave to proceed *in forma pauperis*. (Doc. 2). On October 30, 2018, Magistrate Judge Charles J. Kahn granted Plaintiff's motion and assessed an initial partial filing fee of $26.27. (Doc. 5).

Pursuant to 28 U.S.C. § 1915(a)-(b) and 28 U.S.C. § 1915(e)(2)(B), the undersigned screened Plaintiff's complaint to determine if the complaint was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted or (2) [sought] monetary relief from a defendant who is immune from such relief." (Doc. 11). The undersigned identified several deficiencies with Plaintiff's complaint and provided Plaintiff an opportunity to correct the deficiencies. The undersigned directed the clerk of the court to send Plaintiff a blank complaint form for use by prisoners. (Doc. 11 at 13). The undersigned also directed Plaintiff to amend his complaint or file a notice of voluntary dismissal. (*Id.*). The undersigned provided Plaintiff thirty days to comply with the order and warned Plaintiff that his failure to comply likely would result in dismissal of this action. (Doc. 11 at 13–14).

After the court-imposed deadline elapsed and Plaintiff failed to comply with the undersigned's order, the undersigned issued an order directing Plaintiff to explain why he failed to comply with the undersigned's order. (Doc. 12). The undersigned provided Plaintiff thirty days to respond and warned Plaintiff that failure to respond likely would result in dismissal of this action. (*Id.* at 1–2). On July

3, 2019, Plaintiff responded that he missed the deadline because he was hospitalized due to a medical emergency. (Doc. 14).

On July 9, 2019, the undersigned *sua sponte* provided Plaintiff an additional thirty days to comply with the court's order to amend his complaint. (Doc. 15 at 1). The undersigned directed the clerk of the court to forward to Plaintiff: (1) a copy of the undersigned's order directing Plaintiff to amend his complaint, and (2) a blank civil rights complaint form. (*Id.* at 3). The undersigned warned Plaintiff that his failure to comply with the undersigned's order likely would result in dismissal of the action for failure to comply with an order of the court, failure to prosecute, and failure to state a claim on which relief may be granted. (*Id.* at 3–4).

After the court-imposed deadline expired and Plaintiff had yet again failed to comply with the undersigned's order, the undersigned issued another order to show cause. (Doc. 16). The undersigned provided Plaintiff thirty days to explain why he failed to comply and warned Plaintiff that his failure to comply with the court order likely would result in dismissal of this action. (*Id.* at 1–2). This order was returned as "not deliverable as addressed[,] unable to forward." (Doc. 17). The clerk of the court resent the undersigned's order to the Plaintiff.

On September 26, 2019, Plaintiff filed a response to the undersigned's order. (Doc. 18). Plaintiff included a letter from the Director of Social Services at the Orlando Health & Rehabilitation Center, which indicated that Plaintiff has physical

impairments that prevented him from traveling long distances, walking without assistance, and sitting for long periods of time. (Doc. 18 at 1). The letter explains that Plaintiff's physical impairments prevented him from attending a "court hearing scheduled in April." (*Id.*).[2] The letter requested that this court provide Plaintiff an opportunity to attend a hearing for his case. The letter also indicated that Plaintiff is "alert and oriented x3 of sound mind." (*Id.*).

Plaintiff also provided several medical records from April, March August, and September 2019. (Doc. 18 at 2–14). These records provided a similar description of Plaintiff's mental and cognitive functions. (*Id.* at 7, 11 (noting that Plaintiff's mental/cognitive status was "alert, oriented, follows instructions" and that Plaintiff was "grossly neurologically intact")).

Based on Plaintiff's response, the undersigned issued an order directing the Plaintiff to file an amended complaint on or before October 21, 2019. The undersigned also explained that Plaintiff was only required to amend his complaint and was not required to appear for a hearing. The undersigned again directed the clerk of the court to send a copy of the undersigned's order dated April 18, 2019. (Doc. 19 at 4). The undersigned also warned Plaintiff that his failure to comply with that court order likely would result in dismissal. The deadline for Plaintiff to comply

---

[2] The undersigned informed Plaintiff that this court "has not scheduled a hearing or trial in this case" in the order dated July 9, 2019. (Doc. 15 at 3).

with the undersigned's order has passed, and Plaintiff has not filed an amended complaint.

## II. Discussion

The undersigned recommends that this court dismiss Plaintiff's complaint in light of Plaintiff's failure to comply with three court orders and his failure to prosecute this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing a court to "strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party failed to comply with a court order).

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may

*sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On April 18, 2019, the undersigned ordered Plaintiff to amend his complaint. Plaintiff's amended complaint was originally due on May 20, 2019. On July 9, 2019, the undersigned *sua sponte* provided Plaintiff an additional thirty days to comply with the undersigned's order. Thus, Plaintiff has not complied with a court order since August 2019.

**(2) Plaintiff's failure to comply with three court orders.** The Plaintiff has failed to comply with three court orders:

      a.    the order issued on April 18, 2019;

      b.    the order issued on July 9, 2019; and

      c.    the order issued on September 30, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff three times that failure to comply with

the respective orders likely would result in dismissal, (Docs. 11, 15, 19). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with this court's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Plaintiff alleges that the acts giving rise to his claim occurred in December 2015. The Eleventh Circuit has held that the statute of limitations for a section 1983 claim, a claim under the ADA, and a claim under the Rehabilitation Act should be borrowed from "the state limitation periods applicable to personal injury actions." *Seco v. NCL (Bahamas), Ltd.*, 588 F. App'x 863, 867 (11th Cir. 2014) (citing *Everett v. Cobb Cty. School Dist.*, 138 F.3d 1407, 1409-10 (11th Cir. 1998) (considering the applicable statute of limitations under Title II of the ADA and the Rehabilitation Act) and *Wilson v. Garcia*, 471 U.S. 261, 262, 105 S. Ct. 1928, 1939-40 (1985) (considering applicable statute of limitations under 42 U.S.C. § 1983)). Thus, the statute of limitations for Plaintiff's claims is four years. *See Silva v. Baptist Health South Florida, Inc.*, 856 F.3d 824, 841 (11th Cir. 2017) (holding that because "neither the ADA nor RA provides a statute of limitations" the court must "apply the most analogous state limitations periods from personal injury

actions, which in Florida is a four year period") (citations and quotations omitted); *Allen v. King*, 279 F. App'x 847, 848 (11th Cir. 2008) (holding that the statute of limitations in a section 1983 claim in Florida is four years) (quoting *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)). Thus, dismissal will not result in substantial prejudice to him.[3]

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** Plaintiff has not offered good cause for his failure to comply with the undersigned's orders. Plaintiff asserts that he has physical impairments that prevent him from traveling long distances, walking without assistance, and sitting for long periods of time. (Doc. As the undersigned explained to Plaintiff in an order, this case is only in the pleading

---

[3] Assuming the statute of limitations began to run from the date of the incident in December 2015, Plaintiff has approximately one month to refile his suit. In a recent, unpublished decision, the Eleventh Circuit affirmed the district court's dismissal of a suit without prejudice when the plaintiff only "had approximately one month to refile his suit before the running of the statute of limitations." *Jones v. Szalai*, 778 F. App'x 847, 848 (11th Cir. 2019).

stages and the undersigned has never scheduled a hearing in this case. Plaintiff has not shown that his impairments have prevented him from filing an amended complaint. Furthermore, he has not shown that he suffered from any cognitive impairment during the relevant period. (Doc. at 1, 7, 11).

The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Plaintiff has failed to comply with three court orders and has not offered good cause for his failure. His past conduct suggests that he likely would ignore any further orders to comply. Dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III. Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with three court orders and his failure to prosecute this action.
2. The clerk of the court be directed to close the case file.


At Panama City Beach, Florida, this <u>30th</u> day of October, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.