IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT G. GROSS,

    Plaintiff,

v.                                                     CASE NO. 4:18cv480-RH-MJF

CORIZON MEDICAL et al.,

    Defendants.

_____/

**ORDER DISMISSING THE COMPLAINT IN PART
AND REMANDING FOR FURTHER PROCEEDINGS**

This is a prisoner civil-rights case. The plaintiff alleges that while he was an inmate in the Florida Department of Corrections, he was assaulted by other inmates and suffered serious injuries, including broken bones in his hands. He alleges he received no treatment for two months and then received plainly inadequate treatment, resulting in permanent disfigurement. He asserts claims against two companies that were obligated to provide medical services under contract with the Department of Corrections. And he asserts claims against individuals involved in the inadequate treatment.

Like many pro se complaints, this complaint is not well crafted. But the complaint is easily sufficient to state, or at least to indicate that the plaintiff will be able to state, an Eighth Amendment claim on which relief can be granted. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that a correctional official violates the Eighth Amendment when the official is deliberately indifferent to a prisoner's serious medical need). The complaint also attempted to assert a claim under the Americans with Disabilities Act and the Rehabilitation Act of 1973, but this was based on an incorrect view of the law; the complaint did not allege or even suggest the existence of facts that would support such a claim.

The plaintiff sought leave to proceed *in forma pauperis*. As required, the magistrate judge performed an initial screening. The magistrate judge correctly concluded that the complaint fails to state an ADA or Rehabilitation Act claim on which relief can be granted. Instead of dismissing that claim and allowing the Eighth Amendment claim to go forward—requiring service of process and a response from the defendants—the magistrate judge dismissed the entire complaint and ordered the plaintiff to file an amended complaint. The analysis of the defects in the Eighth Amendment allegations demanded a great deal from the pro se pleading. In any event, perhaps because of medical and other difficulties and perhaps because of limited ability, the plaintiff did not file an amended complaint.

The magistrate judge provided more chances, but still the plaintiff did not file an amended complaint.

The case is now before the court on the magistrate judge's report and recommendation, ECF No. 20, which concluded that the case should be dismissed based on the plaintiff's failure to file an amended complaint as ordered. The report and recommendation concluded this would still leave the plaintiff time, though not much, to file a new action. But this conclusion failed to account for the time allowed for objections to a report and recommendation and for a ruling by the district court. And in any event, some of the events at issue occurred in August 2015, so a new complaint would have been barred by the statute of limitations in significant part, even when the report and recommendation was entered. Under all the circumstances, the better exercise of discretion is to allow the current case to go forward. These allegations are sufficient to withstand initial screening.

IT IS ORDERED:

1. The report and recommendation is accepted in part.

2. The plaintiff's claims under the Americans with Disabilities Act and Rehabilitation Act are dismissed without leave to amend. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

3. The plaintiff's Eighth Amendment claims are not dismissed. The case is remanded to the magistrate judge for entry of an order authorizing service of process and for further appropriate proceedings.

SO ORDERED on January 16, 2019.

<u>s/Robert L. Hinkle</u>
United States District Judge