UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT G. GROSS,

    Plaintiff,

v.                                                  Case No. 4:18-cv-480-RH/MJF

CORIZON MEDICAL, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned by the clerk of the court. For the reasons set forth below, the undersigned recommends that this action be dismissed for Plaintiff's failure to comply with four court orders and for Plaintiff's failure to prosecute this action.[1]

### I.    Background

On September 17, 2018, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 and alleged violations of his Eighth Amendment rights, the Americans with Disabilities Act, and the Rehabilitation Act.[2] (Doc. 1). Plaintiff simultaneously

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

[2] At the time Plaintiff commenced this action, he was an inmate in the custody of the Florida Department of Corrections ("FDC"). According to the FDC's inmate locator,

filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). On October 30, 2018, Magistrate Judge Charles J. Kahn granted Plaintiff's motion and assessed an initial partial filing fee of $26.27. (Doc. 5).

Pursuant to 28 U.S.C. § 1915(a)-(b) and 28 U.S.C. § 1915(e)(2)(B), the undersigned screened Plaintiff's complaint to determine if the complaint was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted or [sought] monetary relief from a defendant who is immune from such relief." (Doc. 11). The undersigned identified several deficiencies with Plaintiff's complaint and provided Plaintiff an opportunity to correct the deficiencies. On January 16, 2020, the District Judge dismissed Plaintiff's claims under the Americans with Disabilities Act and Rehabilitation Act without leave to amend and ordered this court to authorize service of process. (Doc. 21).

On February 10, 2020, the undersigned ordered Plaintiff, within thirty days, to submit five (5) copies of his complaint or pay for the clerk of the court to copy the complaint. (Doc. 23). That order was returned as "undeliverable," and Plaintiff failed to respond or comply with the order. (Doc. 24).

---

Plaintiff was released from FDC custody in October 2018. On January 2, 2019, Plaintiff provided a notice of change of address. (Doc. 6). Thereafter, the court's order dated August 26, 2019, was returned "undeliverable." (Doc. 17). The clerk of the court then resent the order to Plaintiff's address in Orlando, Florida. (*Id.*). Plaintiff received that order and indicated that he was residing at a health and rehabilitation center. (Doc. 18). Since January 27, 2020, all of this court's orders have been returned "undeliverable."

On March 19, 2020, the undersigned ordered Plaintiff to show cause, within thirty days, why the case should not be dismissed. (Doc. 25). The order warned Plaintiff that failure to respond likely would result in dismissal. (*Id.*). That order was returned as "undeliverable," and Plaintiff did not respond or comply with the order. (Doc. 26).

On May 15, 2020, the undersigned ordered Plaintiff to show cause for his failure to respond, submit a "notice of change of address," and submit five copies of his complaint or payment for the clerk of the court to produce copies. (Doc. 27). The undersigned again informed Plaintiff that a failure to comply with the order likely would result in dismissal for failure to comply with a court order and failure to prosecute. (*Id.*). The order was returned as "undeliverable," and Plaintiff did not respond or comply with the order. (Doc. 28).

On July 1, 2020, the undersigned ordered Plaintiff to clarify whether he intends to prosecute this action. The undersigned imposed a compliance deadline of July 17, 2020. The undersigned warned Plaintiff that his failure to comply with that order likely would result in dismissal of this action. The deadline to comply has passed, and Plaintiff did not comply with that order.

## II. Discussion

The undersigned recommends that this court dismiss Plaintiff's complaint in light of Plaintiff's failure to comply with four court orders and his failure to prosecute this action.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing a court to "strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party failed to comply with a court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to

comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)** **The duration of Plaintiff's failure to comply**. On February 10, 2020, this court gave Plaintiff thirty days to submit either copies of his complaint or payment for copies to the clerk of the court for service. Plaintiff never complied with that order.

**(2)** **Plaintiff's failure to comply with four court orders**. The Plaintiff has failed to comply with four court orders:

      a.    the order issued on February 10, 2020;

      b.    the order issued on March 19, 2020;

      c.    the order issued on May 15, 2020; and

      d.    the order issued on July 1, 2020.

**(3)** **Plaintiff received notice that failure to act likely would result in dismissal**. The undersigned warned Plaintiff three times that failure to comply with the respective orders likely would result in dismissal, (Docs. 25, 27, 29). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4)    Whether Plaintiff would suffer substantial prejudice.** Plaintiff alleges that the acts giving rise to his claim occurred in December 2015. The Eleventh Circuit has held that the statute of limitations for a section 1983 claim should be borrowed from "the state limitation periods applicable to personal injury actions." *Seco v. NCL (Bahamas), Ltd.*, 588 F. App'x 863, 867 (11th Cir. 2014); *Wilson v. Garcia*, 471 U.S. 261, 262 (1985) (considering applicable statute of limitations under 42 U.S.C. § 1983). Thus, the statute of limitations for Plaintiff's claims is four years. *See Allen v. King*, 279 F. App'x 847, 848 (11th Cir. 2008) (holding that the statute of limitations in a section 1983 claim in Florida is four years). The statute of limitations for this case has run. Thus dismissal of this suit likely will result in prejudice to Gross insofar as any subsequent attempt to refile this action may be barred by the statute of limitation. This factor, however, does not outweigh the other factors discussed in this report and recommendation.

**(5)    The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair opportunity to be heard.** Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open. Assuming that Gross's mailing address has changed, that is not a legitimate excuse for his failure to respond

to the undersigned's orders. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that a plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address). The undersigned's orders were designed to facilitate the disposition of this case on its merits. Plaintiff's failure to respond or prosecute this case for approximately five months militate in favor of the prompt dismissal of this case.

**(6)** **The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Because Plaintiff has not prosecuted this action, he has precluded this court from addressing the merits of this action. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7)** **The fact that any lesser sanction would be inefficacious.** Plaintiff has failed to comply with four court orders and has not offered good cause for his failure. Dismissal without prejudice—even though the statute of limitations may preclude Plaintiff from ever raising his claims in the future—is an appropriate sanction to address the important interests discussed above.

### III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with four court orders and his failure to prosecute this action.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 24th day of July, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.